# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KEITH WILLIAM MACKMER | : | DOCKET NO. 2:11-CV-1452 |
| VS. | : | JUDGE TRIMBLE |
| FRANK ANGELLE JR. ESTATE | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is Keith William Mackmer's ("Plaintiff's") motion to remand and motion for attorney's fees. Doc. 5. For the reasons set forth below, the court GRANTS plaintiff's motion. The effect of this ruling and the order granting the motion will be suspended for a period of fourteen (14) days to allow any affected party to seek review from the district court.

*Background*

Plaintiff, a resident of the State of Mississippi, filed suit in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, against the Estate of Frank Angelle Jr., National Union Fire Insurance Company, and Lexington Insurance Company (collectively referred to as "defendants") for injuries sustained in an automobile accident. Doc.1, Att. 9. The accident occurred while plaintiff, who was the passenger and his co-employee, Frank Angelle, the driver, were travelling to work on Highway 27 south of DeQuincy, Louisiana. As a result of the accident, the driver Angelle was killed and plaintiff sustained various injuries.

The petition alleges that the vehicle driven by Angelle was owned by his employer, MW

1

Services Transportation, LLC and/or Moncla Well Service Inc. and/or Moncla Companies, LLC. The petition further alleges that the employer was insured by both National Union and Lexington Insurance companies which provided coverage in favor of Angelle or his Estate.

Defendants removed the suit alleging diversity jurisdiction.  Doc.1.  In their notice of removal they allege that plaintiff is a resident of the State of Mississippi, National Union Fire Insurance Company is a corporation domiciled in Pennsylvania with its principal place of business in New York, and Lexington Insurance Company is a corporation domiciled in Delaware with its principal place of business in Massachusetts.  The notice of removal states, "there is complete diversity between the properly joined parties and none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action in brought."[1]  Doc.1, p.2.

In his motion to remand, plaintiff contends that removal was improper based on 28 USC 1332(c)(1) and 28 USC 1441(b).   Section 1332(c)(1) of Title 28, *United States Code*, provides that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen. . ."  Plaintiff asserts that Frank Angelle was a citizen of St. Landry Parish, Louisiana at the time of the accident.  Since he died as a result of the accident, his Louisiana estate was named as a defendant.  As insurers of Angelle's estate, plaintiff asserts that National Union and Lexington are deemed citizens of the State of Louisiana. Under 28 USC § 1441(b), an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Plaintiff contends that National Union and Lexington are deemed citizens of Louisiana and

---

[1] The Estate of Frank Angelle, Jr. was not served with the petition.  At oral argument counsel informed the court that service was not affected on the Estate because the estate had not yet been opened.

2

removal is thus improper under 1441(b).

In response, defendants contend that no party "***properly joined*** and served as a defendant is a citizen of Louisiana."  Doc. 9, p. 1.  They argue that National Union and Lexington do not assume the citizenship of an improperly joined defendant, namely the Estate of Frank Angelle, Jr.  Defendants allege, citing the case of *Smallwood v Illinois Cent. R.R. Co.,* 385 F.3d 568 (5th Cir. 2004), (hereafter referred to as *Smallwood II*)[2] that the Estate is improperly joined because there is no reasonable basis for recovery against it.  Defendants attach an affidavit of Leon Charles Moncla, Jr., owner of Moncla Coil Tubing Well Services, LLC and employer of plaintiff and Angelle, which states that plaintiff and Angelle were travelling to work on the day of the accident in a vehicle owned by their employer and provided to employees for use in travelling to and from the job.  Defendants conclude that since plaintiff has no cause of action against his co-employee in tort under Louisiana Revised Statute 23:1032, the Estate was improperly joined and National Union and Lexington are not deemed to be citizens of the State of Louisiana.

In reply plaintiff argues that if defendants are correct in their assertion that plaintiff has no reasonable basis for recovery against the Estate, or the only in-state defendant, then *Smallwood* requires remand because it would equally discharge the nonresident insurers, National Union and Lexington.  Plaintiff submits that the allegations in his petition are solely against the Estate for the negligence of Angelle and the defendant insurance companies are alleged to have provided coverage in favor of the Estate.  Thus, plaintiff argues, if the court finds that there is no reasonable basis for recovery against the Estate, that finding is equally dispositive of all defendants and remand is required under *Smallwood II*.

Oral argument on the motion was heard on October 18, 2011.  Following argument both

---

[2] The initial ruling of the Fifth Circuit in *Smallwood* is found at 342 F.3d 400 (5th Cir. 2003).  That opinion was vacated and rehearing *en banc* was granted.  See 352 F.2d 400 (5th Cir. 2003).  The resulting *en banc* opinion is that cited in the body and is often referred to as *Smallwood II*.

parties submitted supplemental memorandum on the application of *Smallwood II* to the facts at hand.

In his supplemental memorandum plaintiff again urges the court to follow the holding of *Smallwood II* and remand the case because the removing defendants have not met their heavy burden of establishing improper joinder under *Smallwood II.*

Defendants, on the other hand, argue that *Smallwood II* is to be very narrowly applied and cite the case of *Boone v Citigroup, Inc.,*416 F.3d 382 (5th Cir.2005), a case that clarified the *Smallwood II* holding.   In *Boone*, the court noted that "'only' where the showing that there is no reasonable basis for predicting state law would allow the plaintiff to recover against the resident defendant is such that the *same* showing 'equally' and 'necessarily' 'compels' the conclusion that recovery is precluded against 'all' non-resident defendants, then there is no improper joinder, but simply a wholly meritless suit."   *Id.* at 390.   The court found that the "common defense doctrine" did not apply in that case because the plaintiffs conceded that "some of their claims against the non-resident defendants are analytically distinct from and in addition to their … claims against … the resident defendants."   *Id.* at 391-92.   Therefore, the *Boone* court reasoned that since "the failure of their claims against the resident defendants does not in and of itself cause those of the claims against the non-resident defendants … to fail as well", the common defense doctrine did not apply and the court found that it had jurisdiction to consider the claims against the non-resident defendants.  *Id.* at 392.

Here, defendants argue that the "common defense rule" is inapplicable because there remains the "*possibility* that plaintiff *might"* recover against National Union and Lexington as insurers of the *owner* of the vehicle involved in the accident for negligent entrustment.  Doc.14, p.9.  Defendants urge the court to consider potential causes of action against unnamed diverse

4

defendants.  Defendants rely on language found in *Wingate v Kerr-McGee Mountain Corp.,* 353 F.Supp.2d 779 (E.D.Tx.2005) where the district court stated that where there is a "possibility that recovery might be had against" a non-resident co-defendant, *Smallwood* would not apply.  *Id.* at 785.  Defendants argue that if plaintiff's petition is read to state a cause of action against the owner for negligently entrusting the vehicle to Angelle, the "common defense rule" would not apply and this court should exercise jurisdiction over these claims.

*Law and Analysis*

Section 1441 of Title 28, *United States Code,* provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  If removal is based on diversity of citizenship, the action is removable only if there is complete diversity and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  The burden of proof for establishing federal jurisdiction is placed on the party seeking removal and is to be construed narrowly and in favor of remand to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

If removal is based on the claim that non diverse parties have been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or "an inability of the plaintiff to establish a cause of action against the non diverse party in state court."  *Smallwood v. Ill. Cent. R.R.*, 385F.3d 568 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)).  Only the latter method is relevant here because defendants did not allege

5

actual fraud.  Thus, the relevant question is whether defendants have shown that there is no reasonable possibility of recovery against the non diverse defendant in state court.  There must be a reasonable basis for predicting that state law will allow recovery in order to preclude a finding of fraudulent joinder.  A mere theoretical possibility of recovery is insufficient.  *Travis v Irby,* 326 F.3d 644 (5th Cir.2003).

When determining whether there is a reasonable basis to predict the plaintiff might recover against the forum defendant, a court must first look to the allegations of the complaint to determine whether it states a claim against the in state defendant.  *Smallwood* 385 F.3d at 573.  Additionally, in order to determine if a party has been fraudulently joined, the district court may pierce the pleadings and consider summary judgment-type evidence in the record, but the court must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Travis,*326 F.3d at 648-49.

Plaintiff's state court petition at the time of removal alleges:

3.

At the time of the aforementioned accident, the Angelle vehicle was owned by MW Services Transportation, LLC and/or Moncla Well Services, Inc. and/or Moncla Companies, LLC as was being operated with permission by Frank Angelle, Jr.

4.

The aforementioned accident was due solely and proximately to the negligence of Frank Angelle, Jr., which negligence includes but is not limited to, the following:

    a.      Improperly crossing the center line of a highway;
    b.      Failing to keep his vehicle under proper control;
    c.      Failing to keep a proper look out;
    d.      Failing to yield the right of way;
    e.      Traveling at a high rate of speed under the circumstances;
    f.      Violating traffic laws of the State of Louisiana;
    g.      Failing to see what he should have seen and to do what he should

have done;  and

f.     Failing to exercise due care and caution under all of the facts and
       circumstances.

Doc.1, Att.9.

In connection with their opposition to the motion to remand, defendants submitted an affidavit of Leon Charles Moncla, Jr., the owner of Moncla Coil Tubing Well Services, LLC. Doc.9., Att.1.  The uncontroverted affidavit establishes that plaintiff and Angelle were employed by Moncla Coil Tubing Well Services, LLC on the date of the accident.  *Id.*  Plaintiff was a guest passenger in the vehicle being driven by Angelle at the time of the accident and the vehicle was owned by MW Services Transportation and provided to the employees to travel to and from the job site.  *Id.*  All expenses related to the vehicle, including gas, insurance and maintenance were paid by their employer's parent company, Well Service Blocker Inc.  *Id.*  Their employer also provided hotel accommodations for plaintiff and Angelle due to the distance between the job site and their homes.  *Id.*  The affidavit states that plaintiff and Angelle "spent the night of December 8, 2010 at the hotel and departed from the hotel the morning of December 9, 2010 to report directly to the Aminex job site near DeQuincy, LA.  *Id.*  In addition to hotel accommodations, employees, [plaintiff and Angelle] qualified for a $30.00 per diem to cover additional expenses for having to travel in connection with the job that they were on at the time of the accident."  *Id.*

A review of the petition shows that plaintiff's asserted claims are based on the negligence of his co-employee, Angelle.  Defendants correctly assert that pursuant to Louisiana Revised Statute 23:1032, plaintiff has no reasonable basis for recovery for the negligence of his co-employee while acting in the course and scope of employment.

Under Louisiana law, there is a presumption in favor of finding that an employee is in the course and scope of employment.  LA. REV. STAT. ANN. 23:1044.  Additionally, jurisprudence

establishes that when an employee is driving an employer's vehicle at the time of an accident he is presumed to be in the course and scope of his employment and only strong and convincing evidence will overcome this presumption.  *Cofield v. Burgdorf,* 115 So.2d 357 (La.1959); *Taylor v. Dupree,* 484 So.2d 986 (La.App 3 Cir. 1986), *writ denied* 488 So.2d 201 (La.1986).  Further, "when an employer has interested himself in the transportation of the employee as an incident to the employment agreement, either by contractually providing transportation or reimbursing the employee for his travel expense or where wages are paid for the time spent in travelling", the employee will be found to be in the course and scope of employment.  *Boyte v. Ward N. Am. Ins. Co.,* 818 So.2d 293 (La.App. 2 Cir. 2002), *writ denied* 825 So.2d 1179 (La.2002); 13 LA. CIV. L. TREATISE, *Worker's Compensation Law and Practice* § 170 (5th ed. 2011).

Considering the allegations in the petition and the uncontroverted affidavit submitted by defendants, we conclude that under Louisiana law, there is no reasonable basis to predict that plaintiff might prevail against the in-state defendant, the Estate of Frank Angelle Jr.

The court must now turn to *Smallwood* in order to determine if the same showing, i.e. the co-employee immunity defense, compels the conclusion that recovery is precluded against the nonresident defendants, National Union and Lexington, which would in turn require remand. Under the holding in *Smallwood*, if "the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing [of improper joinder] has not been made."  *Smallwood* 385 F.3d at 575.  Stated differently, when a showing "compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only

a lawsuit lacking merit."  *Id.* at 574.

The *Smallwood* the court stated:

> When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper.  Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits.  It must remand to the state court.

385 F.3d at 576.   Plaintiff's petition alleges that insurers, National Union and Lexington provided "coverage in favor of Frank Angelle, Jr. and/or his Estate for the injuries and other damages sustained by petitioner as a result of the accident."   Doc.1, Att.9, ¶¶ 7,8.   These allegations make clear that National Union and Lexington are named in their capacity as insurers of the Estate.   Consequently, any finding that there is no reasonable basis for predicting that state law would allow plaintiff to recover against the Estate necessarily compels the same result for its purported insurers, National Union and Lexington and under *Smallwood II* this court must remand the case.

Defendants' argument that remand is improper because the court should consider the possibility that plaintiff might have a cause of action against the owner of the vehicle and its insurers for negligent entrustment is misplaced.   The case cited by defendants in support of this argument, *Wingate v Kerr-McGee Mountain Corp.,* 353 F.Supp.2d 779 (E.D.Tx.2005), is distinguishable from the present case.   In *Wingate,* plaintiff, asserted various causes of action against an in-state defendant, McNamara, and a nonresident defendant, Kerr-McGee.   The court found that the statute of limitations barred all claims asserted against the in-state defendant for negligence, and fraudulent inducement.   However, the court found that it could not "say with certainty at this time and based on the record before it that all of [plaintiff's] bad faith pooling claims" against Kerr-McGee were time-barred.   *Id.* at 784.   The court concluded that "there is a

possibility that recovery might be had against Kerr-McGee", and therefore determined that *Smallwood* did not apply and remand was not required.  *Id.* at 785.

Unlike *Wingate,* defendants here urge the court to deny remand based on a potential cause of action (negligent entrustment) against an unnamed defendant (the owner of the vehicle). The court in Wingate did not search for theoretical causes of action against unnamed defendants. Rather, it simply found that "there is a possibility that recovery might" be had on the bad faith pooling claim specifically alleged in plaintiff's petition against the named defendant, Kerr-McGee.  In explaining the "possibility" for recovery, the court noted:

> The Court cannot say with certainty –at this time and based on the record before it-that all of Wingate's bad faith pooling claims arose more than two years before he filed his complaint in this case.  Wingate's bad faith pooling claim could be valid to the extent that it incorporates events that took place after July 15, 2002. Whether there are any such events, and what they might be, requires a factual inquiry unsuitable for a court considering a motion to remand.

*Id.* at 784.

Neither *Smallwood II* nor *Boone* dictate that this court should determine if there are potential causes of action not specifically pled in the pleadings against potential defendants not specifically named in the pleading in order to establish if remand is required.  Since we find that there is no reasonable basis to predict that plaintiff might prevail against the in-state defendant, the Estate of Frank Angelle, Jr., based on the co-employee immunity defense and that same showing compels the conclusion that recovery is precluded against all non-resident defendants, then we must conclude that there is no improper joinder and that this court lacks subject matter jurisdiction.

### Conclusion

For the reasons stated herein, plaintiff's motion to remand is GRANTED.  The decision to grant or deny attorney's fees is within the discretion of the court and an award of such fees

and costs is not automatic under 28 U.S.C. § 1447(c).  *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir.2000).  The Fifth Circuit has stated that attorney's fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally improper.'"  *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir.2004) (citing *Valdes,* 199 F.3d at 293).  Finding an objectively reasonable basis for seeking removal, plaintiff's motion for attorney's fees is DENIED.

The effect of the order of this court will be stayed for a period of fourteen days to allow any aggrieved party to seek review from the district court.  Should either party appeal this order, the remand will be stayed pending resolution by the district judge.  If no timely appeal is filed, the Clerk shall remand the action forthwith.

THUS DONE this 2nd day of January, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE